LEE LITIGATION GROUP, PLLC
Rony Guldmann (RG 5323)
Anne Seelig (AS 3976)
148 W. 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-661-0052
Email: rony@leelitigation.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

C.K. LEE,

Plaintiff,

v.

SISTINA RESTAURANT INC.,
d/b/a SISTINA
GIUSEPPE BRUNO

Defendants.

---

Case No.:

**COMPLAINT**

**Jury Trial Demanded**

Plaintiff, C.K. LEE (hereinafter "Plaintiff"), by and through his undersigned attorney, hereby files this Complaint against Defendants, SISTINA RESTAURANT INC d/b/a SISTINA ("Corporate Defendant") and GIUSEPPE BRUNO ("Individual Defendant," and together with Corporate Defendant, "Defendants"), pursuant to 42 U.S.C. §12181, *et seq*., of the Americans with Disabilities Act of 1990 ("ADA"), New York State Human Rights Law, N.Y. Exec. Law, Article 15 (Executive Law § 290 *et seq*.) and the New York City Human Rights Law (N.Y.C. Administrative Code § 8-101 *et seq*.).

## PRELIMINARY STATEMENT

1. Plaintiff, has a hearing disability and needs specific accommodations to be able to hear and communicate with people in certain environments. Plaintiff was refused these accommodations and treated rudely by Defendants because of his disability when he attempted to obtain a table that could accommodate his disability. Through this discriminatory treatment, Plaintiff learned not only that Sistina Restaurant (the "Restaurant" or "Sistina Restaurant") is inaccessible to hard of hearing individuals, but that the Restaurant employees and managers are inadequately trained and improperly informed about the rights and needs of people with disabilities.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331, 1343, and 1367, for Plaintiff's claims arising under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, ("ADA").

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367, over Plaintiff's pendent claims under the New York State Human Rights Law, N.Y. Exec. Law, Article 15 (Executive Law § 290 *et seq.*) and the New York City Human Rights Law, N.Y.C. Administrative Code § 8-101 *et seq.* ("City law").

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1441(a).

5. Defendants SISTINA RESTAURANT INC. d/b/a SISTINA is registered to do business in New York State and has been doing business in New York State, including the Southern District of New York. Defendants have been and are committing the acts alleged herein in the Southern District of New York, have been and are violating the rights of consumers in the Southern District of New York,

and have been and are causing injury to consumers in the Southern District of New York. A substantial part of the acts and omissions giving rise to Plaintiff's claims have occurred in the Southern District of New York.

**PARTIES**

6. Plaintiff is and has been at all times material hereto a resident of New York County, New York.

7. Plaintiff is hard of hearing and a member of a protected class under the ADA, 42 U.S.C. § 12102(1)-(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq.*, the New York State Human Rights Law and the New York City Human Rights Law.

8. Corporate Defendant SISTINA RESTAURANT INC is a corporation organized under the laws of New York and is registered in the State of New York. Defendant's address for service of process is 24 E 81st St, New York, NY 10028. Defendants exercise actual control over the day-to-day operation of Sistina Restaurant located at 24 E 81st St, New York, NY 10028. The Restaurant is a public accommodation under federal and state antidiscrimination laws and is subject to the requirements thereof.

9. Individual Defendant GIUSEPPE BRUNO is an owner of Corporate Defendants and, owns, operates, manages, and exercises control over the Restaurant. Individual Defendant GIUSEPPE BRUNO regularly visits the Restaurant and exercises authority over its operations, including policies and practices governing customer interactions and accommodations for customers with disabilities. Individual Defendant GIUSEPPE BRUNO was aware of Plaintiff's hearing impairment and was directly responsible for Plaintiff's claims, as he personally refused to accommodate Plaintiff's disability-related needs, including Plaintiff's request for an appropriate table placement that would allow Plaintiff to

adequately hear and communicate with his fellow patrons, despite his knowledge of Plaintiff's hearing impairment.

## FACTUAL ALLEGATIONS

10. Plaintiff is a hard of hearing individual who needs special accommodations to communicate fluently in noisy restaurants.

11. On August 10, 2026, Plaintiff personally visited the Sistina Restaurant located at 24 E 81st St, New York, NY 10028, with the intention of dining there with a prospective client.

12. Prior to visiting Sistina Restaurant, Plaintiff had tried to find dinner reservations at two other different restaurants with the request that he be seated next to or at a corner table so that he could sit side by side with his guest, rather than directly across from the individual, due to Plaintiff's being hard of hearing. Plaintiff was unsuccessful and told the prospective client to choose a restaurant. The prospective client chose Sistina Restaurant and Plaintiff's office made the reservation.

13. On the morning of August 10, 2026, Plaintiff had his assistant, Jesenia Diaz, make a reservation at Sisitina for Plaintiff and on Plaintiff's behalf with the request that Plaintiff be seated side-by-side from his prospective client rather than directly across the individual. *See* **Exhibit A**, Declaration of Jesenia Diaz. Jesenia Diaz made a written note regarding this specific request when booking the reservation through the OpenTable portal. She also called the Restaurant and spoke with the host, Edith (LNU), who assured Ms. Diaz that she had received the written request through the OpenTable booking portal and that the request could be easily accommodated. *Id.*

14. Upon arriving at the Restaurant, Plaintiff was escorted to a table that did not fulfill Plaintiff's specific seating conditions. Plaintiff reiterated these specific seating conditions to hostess, who then moved Plaintiff to a new table.

15. However, the new table still did not fulfill Plaintiff's specific seating needs. Plaintiff reiterated that he needed a square or round table, so that he could sit side-by-side from his guest and pointed to the many empty tables nearby that would fulfill his request.

16. Despite the restaurant being nearly empty, the Individual Defendant GIUSEPPE BRUNO who was sitting nearby interjected and told hostess in a very uncompromising and rude tone "listen, he can only get that table," pointing towards the tables that Plaintiff did not want to be seated at. Defendant continued by saying "if he doesn't like it, he can get out." Hearing this, Plaintiff was very uncomfortable and had emotional distress including humiliation and frustration as his requests for accommodations was ignored.

17. Plaintiff's special needs as an individual with a disability were not accommodated, despite the written request made through the OpenTable booking portal and the host's oral confirmation that the request could be accommodated. The Restaurant's failure to accommodate Plaintiff's disability-related needs deprived Plaintiff of equal access to Defendants' services and facilities.

18. Rather than argue with the hostile owner, Plaintiff agreed to sit at the bar so that he could continue with his meal and properly communicate with his prospective client while sitting side by side. The bar was dark and crowded and was not the same fine dining facility as the dining room.

19. The Restaurant's owner, employees, and managers were inadequately trained and improperly informed regarding the rights and needs of individuals with disabilities, as they were

unwilling and resistant to accommodating Plaintiff's disability-related needs, even after Plaintiff repeatedly explained that, due to his hearing disability, he needed to be seated side-by-side with his prospective client in order to hear effectively.

20. Based on the incident described above, Defendant refused to accommodate hard of hearing individuals in the same manner as other individuals.

21. Based on the incident described above, Defendant offered no meaningful alternative means for hard of hearing individuals, including Plaintiff, to dine at Sistina Restaurant.

22. Defendant's conduct caused Plaintiff to be denied the full and equal enjoyment of Defendant's goods, services, facilities, privileges, advantages, and/or accommodations.

23. Defendant utilizes standards, criteria or methods of administration that have the effect of discriminating or perpetuating the discrimination of others.

24. Defendant's discriminatory conduct caused Plaintiff to suffer emotional distress, including humiliation and frustration.

## **FIRST CAUSE OF ACTION**

(Violation of 42 U.S.C. §§ 12181, *et seq.* — Title III of the Americans with Disabilities Act)

25. Plaintiff realleges and incorporates by reference the foregoing allegations as if set forth fully herein.

26. Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12182(a), provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." Title III also prohibits an entity from "[u]tilizing standards or criteria

or methods of administration that have the effect of discriminating on the basis of disability." 42 U.S.C. § 12181(b)(2)(D)(I).

27. Title III of the ADA further provides that "[i]t shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals." 42 U.S.C. § 12182(b)(1)(A)(ii).

28. Title III of the ADA further defines discrimination to include "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services." 42 U.S.C. § 12182(b)(2)(A)(iii).

29. Title III of the ADA further defines discrimination to include "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable," or "where an entity can demonstrate that the removal of a barrier . . . is not readily achievable a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."42 U.S.C. § 12182(b)(2)(A)(iv – v).

30. Defendant operates a place of public accommodation as defined by Title III of ADA, 42 U.S.C. § 12181(7).

31. Discrimination under Title III includes the denial of an opportunity for the person who is deaf or hard of hearing to participate in programs or services, or providing a service that is not as effective as what is provided to others. 42 U.S.C. § 12182(b)(1)(A)(I-III).

32. Discrimination also includes the failure to maintain accessible features of facilities

and equipment that are required to be readily accessible to and usable by persons with disability. 28 C.F.R. §36.211.

33. Under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(I) it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity.

34. Under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(II), it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals.

35. Specifically, under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(II), unlawful discrimination includes, among other things, "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations."

36. In addition, under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(III), unlawful discrimination also includes, among other things, "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden."

37. The acts alleged herein constitute violations of Title III of the ADA, 42 U.S.C. § 12101 *et seq.*, and the regulations promulgated thereunder. Individuals who are deaf and hard of hearing have been denied full and equal access to Defendants' restaurant, have not been provided services that are provided to other patrons who are not disabled, and/or have been provided services that are inferior to the services provided to non-disabled patrons.

38. Defendants have failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing.

39. Modifying its policies, practices, and services to make its service accessible to deaf and hard of hearing individuals would not fundamentally alter the nature of Defendants' business, nor would it pose an undue burden to this flourishing company.

40. Accordingly, Defendant discriminates, and will continue in the future to discriminate against Plaintiff and others on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of the restaurant in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 *et seq.* and/or its implementing regulations.

41. Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff will continue to suffer irreparable harm. Plaintiff intends to return to the Sistina Restaurant in the future once the service is available.

42. The actions of Defendant were and are in violation of the ADA and therefore Plaintiff invokes his statutory right to injunctive relief to remedy the discrimination.

43. Plaintiff is also entitled to reasonable attorneys' fees and costs.

44. Pursuant to 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

## SECOND CAUSE OF ACTION

(Violation of New York State Human Rights Law, N.Y. Exec. Law,
Article 15 (Executive Law § 292 *et seq.*)

45. Plaintiff realleges and incorporates by reference the foregoing allegations as though fully set forth herein.

46. N.Y. Exec. Law § 296(2)(a) provides that it is "an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation … because of the … disability of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof."

47. Defendants operate a place of public accommodation as defined by N.Y. Exec. Law § 292(9).

48. Defendants are subject to New York Human Rights Law because they own and operates the Sistina Restaurant. Defendants are persons within the meaning of N.Y. Exec. Law § 292(1).

49. Defendants are violating N.Y. Exec. Law § 296(2)(a) in failing to provide deaf and hard of hearing patrons full and equal access to the facilities, goods and services that Defendants make available to the non-disabled public.

50. Specifically, under N.Y. Exec. Law § 296(2)(c)(I), unlawful discriminatory practice includes, among other things, "a refusal to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford facilities, privileges, advantages or accommodations to individuals with disabilities, unless such person can demonstrate that making such modifications would fundamentally alter the nature of such facilities, privileges, advantages or accommodations."

51. In addition, under N.Y. Exec. Law § 296(2)(c)(II), unlawful discriminatory practice also includes, "a refusal to take such steps as may be necessary to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids and services, unless such person can demonstrate that taking such steps would fundamentally alter the nature of the facility, privilege, advantage or accommodation being offered or would result in an undue burden."

52. Defendants have failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing. Plaintiff intends to return to the Sistina Restaurant in the future once reasonable accomodation is available.

53. Defendants discriminate, and will continue in the future to discriminate, against Plaintiff and others on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of their restaurant under § 296(2) *et seq.* and/or its implementing regulations. Unless the Court enjoins Defendants from continuing to engage in these unlawful practices, Plaintiff and other disabled individuals will continue to suffer irreparable harm.

54. The actions of Defendants were and are in violation of New York State Human Rights Law and therefore Plaintiff invokes his right to injunctive relief to remedy the discrimination.

55. Defendants have further violated the New York State Human Rights Law by being in violation of the rights provided under the ADA.

56. Plaintiff is also entitled to compensatory and punitive damages, as well as civil penalties and fines pursuant to N.Y. Exc. Law § 297(4)(c) *et seq.*

57. Plaintiff is also entitled to reasonable attorneys' fees and costs.

58. Pursuant to N.Y. Exec. Law § 297 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

**THIRD CAUSE OF ACTION**

(Violation of New York City Human Rights Law,
N.Y.C. Administrative Code § 8-102, *et seq.*)

59. Plaintiff realleges and incorporates by reference the foregoing allegations as if set forth fully herein.

60. N.Y.C. Administrative Code § 8-107(4)(a) provides that "It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation, because of … disability … directly or indirectly, to refuse, withhold from or deny to such person, any of the accommodations, advantages, facilities or privileges thereof."

61. Defendants own and/or operate the Sistina Restaurant, which is a public accommodation within the definition of N.Y.C. Administrative Code § 8-102(9).

62. Defendants are subject to New York City Human Rights Law because they own and operate the Restaurant. Defendants are persons within the meaning of N.Y.C. Administrative Code § 8-102(1).

63. Defendants are violating N.Y.C. Administrative Code § 8-107(4)(a) in denying deaf and hard of hearing patrons full and equal access to the facilities, goods, and services that Defendants make available to the non-disabled public. Specifically, Defendants are required to "make reasonable accommodation to the needs of persons with disabilities … any person prohibited by the provisions of [§ 8-107 *et seq.*] from discriminating on the basis of disability shall make reasonable accommodation to enable a person with a disability to … enjoy the right

or rights in question provided that the disability is known or should have been known by the covered entity." N.Y.C. Administrative Code § 8-107(15)(a).

64. Defendants have failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing.

65. Defendants discriminate, and will continue in the future to discriminate against Plaintiff on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of the Restaurant under § 8-107(4)(a) and/or its implementing regulations. Unless the Court enjoins Defendants from continuing to engage in these unlawful practices, Plaintiff will continue to suffer irreparable harm.

66. The actions of Defendants were and are in violation of City law and therefore Plaintiff invokes his right to injunctive relief to remedy the discrimination.

67. Plaintiff is also entitled to compensatory and punitive damages, as well as civil penalties and fines under N.Y.C. Administrative Code § 8-120(8) and § 8-126(a) for each offense.

68. Plaintiff is also entitled to reasonable attorneys' fees and costs.

69. Pursuant to N.Y.C. Administrative Code § 8-120 and § 8-126 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

## <u>FOURTH CAUSE OF ACTION</u>

(Declaratory Relief)

70. Plaintiff realleges and incorporates by reference the foregoing allegations as if set forth fully herein.

71. An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and believes that Defendants deny, that the Restaurant denied hard of

hearing individuals the full and equal access to the goods and services and fail to comply with applicable laws including, but not limited to, Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.*, N.Y. Exec. Law § 296, *et seq.*, and N.Y.C. Administrative Code § 8-107, *et seq.* prohibiting discrimination against the deaf and hard of hearing.

72. A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests relief as follows:

a. A preliminary and permanent injunction to enjoining Defendants from implementing or enforcing any policy, procedure, or practice that discriminates against deaf and hard-of-hearing individuals, in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.*, N.Y. Exec. Law § 296, *et seq.*, N.Y.C. Administrative Code § 8-107, *et seq.*;

b. An Order compelling Defendants to:

i. develop, implement, promulgate, and comply with a policy prohibiting future discrimination against Plaintiff or other deaf or hard of hearing individuals;

ii. develop, implement, promulgate, and comply with a policy to ensure that Defendants will consider the communication needs of individuals with hearing disabilities who seek Defendants' goods and/or services and will affirmatively provide accessible seating;

iii. train all its employees, staff, and other agents on a regular basis about the rights of individuals who are deaf or hard of hearing under the ADA and the New York laws

against discrimination;

c. Compensatory damages in an amount to be determined by proof, including all applicable statutory damages and fines, to Plaintiff and for violations of his civil rights under ADA, New York State Human Rights Law and New York City Human Rights Law;

d. All appropriate punitive damages;

e. Plaintiff's reasonable attorneys' fees, statutory damages, expenses, and costs of suit as provided by state and federal law;

f. For pre- and post-judgment interest to the extent permitted by law; and

g. Such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

DATED: October 21, 2026

LEE LITIGATION GROUP, PLLC

By: *<u>/s/ Rony Guldmann</u>*
Rony Guldmann (RG 5323)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
rony@leelitigation.com
Tel.: 212-661-0052